UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANH PHOMPANYA,<br><br>                Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>                Defendants. | No. C07-0597MJP<br><br>ORDER DENYING MOTION TO DISMISS BUT GRANTING MOTION TO REMAND TO USCIS FOR ADJUDICATION OF NATURALIZATION APPLICATION |

This matter comes before the Court on an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.) The Government has filed a brief that is both a response to the Court's Order to Show Cause as well as a Motion to Dismiss and/or Remand. (Dkt. No. 6.) Having reviewed the Government's Response, Plaintiff's Response (Dkt. No. 7), the Government's Reply (Dkt. No. 9), all documents submitted in support thereof, and the record in this case, the Court DENIES the Government's motion to dismiss, but GRANTS the Government's motion to remand.

**Background**

Plaintiff Vahn Phompanya was born in Laos and has been a resident since 1980. She applied for naturalization in January 2004 and was interviewed by the United States Citizen and Immigration Services (USCIS) in August and October 2004. (See Dkt. No. 7-2, Exs. B & C.) She passed the English language, U.S. history, and government tests. (Id., Ex. C.) As of March 2, 2007, when she

ORDER - 1

filed her complaint,[1] USCIS had not issued a decision on her naturalization application. In her complaint, Plaintiff asserted that the only reason USCIS had not adjudicated her naturalization application was because the Federal Bureau of Investigation (FBI) had not completed its "name check." Indeed, in its motion, the Government states that USCIS had not adjudicated Ms. Phompanya's application for naturalization because it had not yet completed all background checks.

On April 25, 2007, the Court ordered the Government to show cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 2.) On May 30, 2007, the government filed a response to the order to show cause and a motion to dismiss or remand. (Dkt. No. 6.) In that motion, the Government argued that the Court lacks jurisdiction to review Plaintiff's naturalization application. In its reply to its motion, the Government states that since filing its motion, all security checks of Ms. Phompanya, including the FBI name check, were completed.[2] The Government offers the declaration of Shelly Langlais, Supervisory District Adjudications Officer for the USCIS Seattle Field Office, in which Ms. Langlais testifies that as of June 21, 2007, all of Ms. Phompanya's security checks, including her FBI name check, are complete. (Dkt. No. 9-2, Langlais Decl. ¶ 4.) USCIS is now prepared to adjudicate Ms. Phompanya's citizenship application.

---

[1] Plaintiff's claims are presented in an amended complaint originally filed in Shamdeen v. Gonzales, C07-0164MJP. The amended complaint in case number C07-0164MJP included claims by fifteen plaintiffs. On April 23, 2007, the Court issued an order severing the claims of the plaintiffs named in the amended complaint, including claims brought by Ms. Phompanya, into separate cases. See Shamdeen v. Gonzales, Case No. C07-0164MJP (Dkt. No. 11).

[2] As part of its investigation of a naturalization applicant, USCIS conducts various security and background checks, including: (1) an FBI fingerprint check for information related to an applicant's criminal history; (2) an Interagency Border Inspection System name check for information regarding national security risks, public safety issues, and other law enforcement concerns from multiple law enforcement and intelligence agencies; and (3) an FBI name check, which is run against FBI investigative databases containing administrative, applicant, criminal, personnel and other files. (See Harrison Decl. ¶ 4 & April 25, 2006 USCIS "Fact Sheet: Immigration Security Checks — How and Why the Process Works.")

ORDER - 2

**Discussion**

**I.     Jurisdiction**

The Court has jurisdiction over this matter. As the Government is well aware, this Court has previously decided that it has subject matter jurisdiction over this type of case under 8 U.S.C. § 1447(b). Weir v. Gonzales, No. C07-0074MJP, 2007 U.S. Dist. LEXIS 35115 (W.D. Wash. May 14, 2007); Aslam v. Gonzales, No. C06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. Dec. 19, 2006); Said v. Gonzales, No. C06-986, 2006 U.S. Dist. LEXIS 67750 (W.D. Wash. Sept. 21, 2006). 8 U.S.C. § 1447(b) provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.

The Court is not persuaded by the recent decision in Walji v. Gonzales, Case No. 06-20937, 2007 U.S. App. LEXIS 14450, at *8 (5th Cir. June 19, 2007), in which the Fifth Circuit held that a district court does not obtain jurisdiction over a naturalization application until 120 days after completion of the entire interview process, including the completion of all security checks. The Court is not bound by Walji, and under the Court's previous analysis, the Court has jurisdiction over a naturalization application when USCIS has not made a decision on the application within 120 days of the applicant's interview. See 8 U.S.C. § 1447(b); Weir, 2007 U.S. Dist. LEXIS 35115, at *4-5.

Ms. Phompanya was interviewed by USCIS in October 2004, triggering the start of the 120-day period. Over twenty-eight months elapsed between the date of her interview and the filing of her complaint on March 2, 2007. This period exceeds the 120-day time limit required under section 1447(b). Therefore, because over 120 days elapsed since Plaintiff's interview, this Court has subject matter jurisdiction over the issues raised in Plaintiff's complaint. The Government's motion to dismiss is DENIED.

## II.     Remand With Instructions

The Government asserts that it is ready to adjudicate Ms. Phompanya's naturalization application, and requests that the Court remand this case so that it may do so. See <u>United States v. Hovsepian</u>, 359 F.3d 1144, 1159 (9th Cir. 2004) (holding that once a plaintiff files a petition for a naturalization hearing under 8 U.S.C. § 1447(b), the district court assumes exclusive jurisdiction over the naturalization application).

The most efficient course of action is to remand this matter with instructions. Ms. Phompanya has the burden of proving her eligibility to be naturalized. See <u>Berenyi v. INS</u>, 385 U.S. 630, 637 (1967). And Congress has made criminal background checks a prerequisite to adjudication of an application for naturalization. <u>See</u> Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, Title I, 111 Stat. 2440, 2448 (1997), <u>reprinted in</u> Historical and Statutory Notes following INA § 335, 8 U.S.C. § 1446. USCIS is the government entity best equipped to adjudicate Ms. Phompanya's application because USCIS processed her application, conducted her interview, and orchestrated and conducted her background investigation. Under 8 U.S.C. § 1447(b), the Court may remand, with appropriate instructions.

The Government states that it will adjudicate Ms. Phompanya's naturalization application within thirty (30) days of a remand order. The Court ORDERS that this matter be remanded to USCIS for adjudication within thirty (30) days of this order. If USCIS fails to adjudicate the matter within thirty days, Ms. Phompanya may move to reopen this case. Any such motion must be made within thirty (30) days of the expiration of the thirty-day window for USCIS to issue a decision on the application.[3]

//
//
//
//

---

[3] Because USCIS has completed all background checks, including the FBI name check, Plaintiff's argument that the name check requirement is *ultra vires* is moot.

ORDER - 4

**Conclusion**

The Government has completed all background checks and is ready to adjudicate Ms. Phompanya's naturalization application. The Court DENIES Defendants' motion to dismiss, GRANTS Defendants' motion to remand, and REMANDS this matter to be adjudicated within thirty days of this order.

The clerk is directed to send copies of this Order to all counsel of record.

Dated this 23rd day of July, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 5